# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **FRANCES DENISE ALOMARI, on behalf of herself and all others similarly situated,** | |
| **Plaintiff,** | Case No. 3:22cv261-GHD-RP |
| v. | **CLASS ACTION COMPLAINT** |
| **UNITED FURNITURE INDUSTRIES, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**CLASS ACTION COMPLAINT**

Plaintiff Frances Denise Alomari ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, brings this Class Action Complaint against Defendant United Furniture Industries, Inc. ("UFI") for its violation and anticipated further violation of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act").

**I.  INTRODUCTION**

1. On the evening hours of November 21, 2022, UFI suddenly and without any notice terminated all its employees with an electronically transmitted notice to all its employees, in violation of the federal WARN Act, which requires sixty (60) days' advance written notice of a mass termination.

2. Plaintiff files this action seeking to insure that UFI complies with the law and provides the requisite severance payments to its terminated employees to insure that it not solicit releases of claims of any employees without informing them of the pendency of this action and their right to pursue their claims under the WARN Act.

3. Plaintiff seeks immediate injunctive relief, as well as a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, on behalf of herself and all similarly situated employees, precluding UFI from circumventing the requirements of the WARN Act.

**II.  PARTIES**

4. Plaintiff Frances Denise Alomari is an adult Resident of Tupelo, Lee County, Mississippi, and was an employee of Defendant until she was terminated on November 21, 2022.

5. Plaintiff brings this lawsuit as a Rule 23 class action asserting a federal WARN Act claim on behalf of all UFI employees throughout the United States, who were laid off in a "mass

layoff" or "plant closing," as defined by the WARN Act, and who are not given a minimum of sixty (60) days' written notice of termination.

6. Plaintiff brins a declaratory judgment claim asking the Court to enjoin UFI from violating the federal WARN Act and from soliciting releases from employees who are being laid off without informing them of the pendency of this case and their rights under those statutes.

7. Defendant United Furniture Industries, Inc. is a Delaware corporation, headquartered in Tupelo, Mississippi.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

9. This Court has personal jurisdiction over this matter because UFI is headquartered in this District and conducts substantial business operations in this District.

### IV. FACTUAL BACKGROUND

10. UFI employs over 2,700 people across the United States, mostly in northeast Mississippi.

11. At approximately 10:56 p.m. CST on November 21, 2022, Plaintiff and all the class members received a text message from Defendant notifying her that she, as well as all other UFI employees, were terminated effective immediately. Plaintiff had been an employee of Defendant UFI for approximately six years prior to her termination.

12. Defendant UFI did not provide sixty (60) days advance written notice (or any advance notice at all) to Plaintiff of her impending layoff. Nor did UFI provide any severance pay to Plaintiff.

13. At all relevant times, UFI employed 100 or more employees, exclusive of part-time employees, (i.e., those employees who had worked few than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

14. These anticipated terminations are expected to result in the loss of employment for more than 2,700 employees (excluding part-time employees).

15. However, UFI has given no formal written advance notice of these anticipated layoffs – not sixty (60) days in advance of the terminations, nor as much notice as practicable under the circumstances.

16. Plaintiff is reasonably concerned that, absent court intervention, UFI will seek releases from laid off employees without informing them of their rights or the pendency of this case. Plaintiff has therefore brought this complaint seeking immediate relief to ensure that UFI does not violate the federal WARN Act and then seek to obtain releases from employees who do not have notice of their rights or the claims brought here on their behalf.

## V. CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons who were employed by and laid off by United Furniture Industries, Inc. without required notice on November 21, 2022.

18. <u>Numerosity—Fed. R. Civ. P. 23(a)(1)</u>. The Class is comprised of thousands of individuals who were Defendant's employees, the joinder of which in one action would be impracticable. The exact number or identification of the Class Members is presently unknown.

4

The identity of the Class Members is ascertainable and can be determined based on Defendant's records.

19. <u>Predominance of Common Questions—Fed. R. Civ. P. 23(a)(2), 23(b)(3)</u>. The questions of law and fact common to the Class predominate over questions affecting only individual Class Members, and include, but are not limited to, the following:

    (a) whether Defendant gave notice of termination as required by the WARN Act;

    (b) whether Defendant's failure to give WARN Act notice is factually excusable;

    (c) whether the proposed class has enough members for this class action to proceed; and

    (d) whether Plaintiff and the members of the Class are entitled to declaratory and injunctive relief.

20. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Individual questions, if any, are not prevalent in comparison to the common questions that dominate this action.

21. <u>Typicality—Fed. R. Civ. P. 23(a)(3)</u>. Plaintiff's claims are typical of those of the members of the Class in that they are based on the same underlying facts, events, and circumstances relating to Defendant's conduct.

22. <u>Adequacy—Fed. R. Civ. P. 23(a)(4); 23(g)(1)</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interest incompatible with the interests of the Class, and have retained counsel competent and experienced in such class action litigation.

23. <u>Predominance —Fed. R. Civ. P. 23(b)(3)</u>. Questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

24. <u>Superiority—Fed. R. Civ. P. 23(b)(3)</u>. A class action is the best available method for the efficient adjudication of this litigation because individual litigation of Class Members' claims would be impracticable and individual litigation would be unduly burdensome to the courts. Plaintiff and members of the Class have suffered irreparable harm as a result of Defendant's bad ongoing violation of the WARN Act. Because of the size of the individual Class Members' claims, no Class Member could afford to seek legal redress for the wrongs identified in this Complaint. Without the class action vehicle, the Class would have no reasonable remedy and would continue to suffer losses, as Defendant continues to engage in the conduct that is the subject of this Complaint, and Defendant would be permitted to retain the proceeds of its violations of law. A class action in this case presents fewer management problems and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

25. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VIII. <u>CAUSES OF ACTION</u>

### COUNT I
### Federal WARN Act

26. At all times material herein, Plaintiff and similarly situated persons have been entitled to the rights, protections, and benefits provided under the federal WARN Act, 29 U.S.C. § 2101 *et seq*. UFI was, and is, subject to the notice and back pay requirements of the federal WARN Act because UFI is a business enterprise that employed 100 or more employees, excluding part-time employees, and/or, employed 100 or more employees who in the aggregate work at least 4,000 hours per week (exclusive of overtime), as defined in the WARN Act. 29 U.S.C. §§

6

2101(1)(A) and (B). UFI is now engaged in conducting mass layoffs without providing the required notice under the federal WARN Act.

## COUNT II
### Declaratory Judgment Act, 28 U.S.C. §§ 2201-02

27. An actual controversy of sufficient immediacy exists between the parties as to the concern by Plaintiff that UFI should be prohibited from circumventing the requirements of the WARN Act by conducting mass layoffs without providing the required notice and by soliciting the employees it is laying off to sign separation agreements that release their claims under the WARN Act, without first informing them of this lawsuit or their rights under those statues. Plaintiff seeks a declaratory judgment and an injunction prohibiting UFI from engaging in such conduct.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter the following relief:

A. Declare and find that Defendant has violated the WARN Act, 29 U.S.C. § 2101 *et seq*.

B. Certify a class action and appoint Plaintiff and her counsel to represent a class of UFI employees under Count I who have worked for UFI anywhere in the United States and were laid off without required notice, in conjunction with the mass layoff described herein;

C. Enter declaratory relief and an injunction under Count II enjoining UFI from violating the WARN Act and from seeking releases of claims under the WARN Act without informing employees of the pendency of this lawsuit and their rights under those statutes;

D. Award compensatory damages, including all expenses and wages owed, in an amount according to proof;

E. Award pre- and post-judgment interest;

F. Aware reasonable attorneys' fees, costs, and expenses; and

G. Any other relief to which the Plaintiff and the class may be entitled.

**VI.** **DEMAND FOR JURY TRIAL**

    Plaintiff demands a trial by jury on all causes of action so triable.

Dated: November 23, 2022                           Respectfully submitted,

                                                    /s/ *Don Barrett*
                                                    John W. ("Don") Barrett (MSB# 2063)
                                                    Katherine B. Riley (MSB# 99109)
                                                    BARRETT LAW GROUP, P.A.
                                                    404 Court Square
                                                    Lexington, Mississippi 39095
                                                    Telephone: (662) 834-2488
                                                    Email: dbarrett@barrettlawgroup.com
                                                                 kbriley@barrettlawgroup.com

                                                    Richard Barrett (MSB# 99108)
                                                    Law Offices of Richard R. Barrett, PLLC
                                                    2086 Old Taylor Rd, Suite 1011
                                                    Oxford, MS 38655
                                                    Tel: 662-380-5018
                                                    Fax: 866-430-5459
                                                    rrb@rrblawfirm.net

                                                    Jerry Abdalla (MSB# 101213)
                                                    Abdalla Law, PLLC
                                                    602 Steed Rd #200
                                                    Ridgeland, MS 39157
                                                    Telephone: (601) 487-4590
                                                    Email: gmabdall@hotmail.com

                                                    *Attorneys for Plaintiff Frances Denise Alomari, on behalf of herself and all others similarly situated*